IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DAWN ROCHELLE COLLINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-00259-CV-RK ) |
| COMMISSIONER OF SOCIAL SECURITY; | ) ) ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

### Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis*, 239 F.3d at 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*,

349 F.3d 549, 555 (8th Cir. 2003)).  The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintiff has the following severe impairments: cervical degenerative disc disease, right posterior tibial tendinitis, degenerative joint disease of the right shoulder and bilateral knees, major depressive disorder, posttraumatic stress disorder, and obesity.  The ALJ also determined that Plaintiff has the following non-severe impairments: type II diabetes mellitus, astigmatism, and restless leg syndrome.  However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing").  Additionally, the ALJ found that prior to May 6, 2019, despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b).  She could lift and/or carry 20 pounds occasionally and ten pounds frequently; could stand and/or walk for six hours during an eight-hour workday; could sit for six hours during an eight-hour workday; could occasionally climb ramps or stairs, but never climb ladders, ropes, or scaffolds; could occasionally kneel, crouch, or crawl; could frequently reach and handle; needed to avoid workplace hazards, such as dangerous machinery or unprotected heights; and could perform simple and routine tasks in an occupation where she was not required to communicate or interact with the general public on behalf of the employer.  Although the ALJ found that Plaintiff was unable to perform any past relevant work between her alleged onset date of July 14, 2017, and May 6, 2019 ("Disputed Period"), the date the ALJ concluded Plaintiff became disabled, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, Plaintiff was able to perform jobs that exist in significant numbers in the national economy during that time period.

On appeal, Plaintiff argues the ALJ's decision that Plaintiff was not disabled between July 14, 2017, and May 6, 2019, is not supported by substantial evidence.  Plaintiff contends there was a lack of medical evidence addressing Plaintiff's abilities, including the ALJ's determination that Collins could stand and walk for up to six hours per day and could frequently reach and handle.  Plaintiff asserts the ALJ mischaracterized the record and relied on an outdated opinion and his own inferences to determine Plaintiff's functional abilities.

Plaintiff argues while the records show Plaintiff had significant impairments in her ability to stand and walk, required use of a cane to ambulate, had reduced strength in her right lower extremity, and displayed abnormal gait, the ALJ assessed an RFC for the Disputed Period that permitted standing and/or walking for six hours per day. Plaintiff also contends while the records show Plaintiff had significant impairments in her ability to utilize her dominant, right arm and consistently presented with decreased right upper extremity strength and range of motion and significant pain, the ALJ assessed an RFC for the Disputed Period that permitted frequent reaching and handling. Plaintiff argues this portion of the RFC is not supported by the record.

Specifically, Plaintiff argues this portion of the RFC is not supported by medical evidence in the record, citing *Lauer v. Apfel*, 245 F.3d 700 (8th Cir. 2001). *Lauer*, in which the court found the ALJ's decision was not clear regarding "the medical basis, if any, for his assessment of the degree to which [the claimant's] . . . impairments affected his RFC[,]" is distinguishable because here, the ALJ analyzed substantial medical evidence in Plaintiff's treatment records that demonstrates her functional capabilities. An RFC must be supported by some medical evidence, but a specific medical opinion is not required; treatment records may be sufficient. *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). A "light work" RFC can be supported by mild or unremarkable objective medical findings and other medical evidence in the record. *Steed v. Astrue*, 524 F.3d 872, 875-76 (8th Cir. 2008).

Here, the ALJ considered numerous examinations in which no relevant abnormalities were noted. (Tr. 20-21.) The ALJ acknowledged Plaintiff's chronic abnormalities in her right shoulder and right ankle, but noted they were not persistently present and all other abnormalities were transient. (Tr. 21.) Though the record indicates Plaintiff sometimes reported to providers using a cane and presented with pain and/or reduced strength and range of motion, the ALJ found Plaintiff was "not documented to have consistently required the use of a cane or other assistive device when examined prior to the established onset date of disability" (Tr. 23) and noted that Plaintiff "presented with no relevant abnormalities other than her obesity during March 2018, April 2018, and from February 2019 until the established onset date of disability." (Tr. 21.) Further, the ALJ observed:

> The most significant physical and mental medical signs were present when the claimant had an obvious motivation for secondary gain: during a worker's compensation examination and during two consultative examinations expressly intended to evaluate her eligibility for cash benefits. At the time of the worker's

3

> compensation evaluation, she had reportedly returned to work with no modifications or accommodations. Of the two consultative examinations administered prior to the established onset date of disability, the claimant is noted to have put forth suboptimal effort during one and to have presented with complaints inconsistent with her presentation during another.

(*Id.*)

Plaintiff argues this is a mischaracterization of the record, asserting, first, that it contradicted the ALJ's conclusions that Plaintiff had severe physical impairments including right posterior tibial tendinitis and degenerative joint disease of the right shoulder and bilateral knees (which required finding the impairments were more than slight abnormalities and had more than a minimal effect on Plaintiff's ability to perform basic work activities for a continuous period of 12 months), and, second, it was undermined by the record, citing provider notes from 7/22/2017, 12/6/2017, 1/10/2018, 2/6/2018, 5/8/2018, 5/13/2018, 5/14/2018, 6/25/2018, and 8/13/2018, all indicating Plaintiff was experiencing pain, decreased range of motion, and/or decreased strength in her right shoulder. (Tr. 492, 494, 656, 666, 692 726, 745, 822-23, 1005.) Plaintiff also challenges the ALJ's finding that Plaintiff presented with no relevant abnormalities other than her obesity during March 2018 and April 2018, citing an MRI from April 16, 2018, showing multiple abnormalities related to Plaintiff's right upper and lower extremities (Tr. 618-24, 736), and explaining that the focus of the visit in the note from March of 2018 was educating Plaintiff on her new diabetes diagnosis. (Tr. 521-26).

The Court rejects Plaintiff's above-described complaints because this Court's role is to determine whether substantial evidence supports the ALJ's decision, and the fact that Plaintiff pointed to some evidence supporting her position does not justify remand. *Pierce v. Kijakazi*, No. 20-05073-CV-SW-MDH-SSA, 2022 WL 551135, at *4 (W.D. Mo. Feb. 23, 2022) ("[u]nder the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations" (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019))). The ALJ's accurate observation that treatment records at times showed no relevant symptoms is "entirely appropriate and does not indicate any deficiency or error in the ALJ's assessment." *Pierce*, 2022 WL 551135, at *3. While Plaintiff may prefer that the ALJ ignore the evidence he considered regarding the persistence or transience of Plaintiff's relevant symptoms, "such cherry-picking of evidence is contrary to the regulations, which instruct the ALJ to consider all the relevant evidence in the case record when assessing RFC–not just the

evidence that best supports the Plaintiff's claims while overlooking evidence that contradicts her claims." *Id.*

The Court also rejects Plaintiff's complaint that the ALJ "dismissed the opinions of Greggory Kuhlman, D.O., and Steven Charapata, M.D., each of whom found greater physical limitations tha[n] those found in the RFC" (doc. 10 at 14) in favor of "mostly rely[ing] on the opinion of the non-examining State agency consultant, Paul Spence, M.D." (doc. 10 at 15) which he found to be "generally, but not entirely persuasive." (Tr. 22.)

Because Plaintiff applied for benefits on or after March 27, 2017, the ALJ applied the new set of regulations for evaluating Dr. Spence's opinions. The revised regulations redefine how evidence is categorized, including "medical opinion" and "prior administrative findings," and how an ALJ will consider these categories of evidence in making the RFC determination. See 20 C.F.R. §§ 404.1513(a), 404.1520c, 416.913(a), & 416.920c. Plaintiff's complaint that the ALJ should not have placed partial reliance on Dr. Spence's opinions is "contrary to agency regulations and policy" that guides and governs the ALJ's decision. *Starbuck v. Kijakazi*, No. 62003221CVSMDHSSA, 2021 WL 3892750, at *5 (W.D. Mo. Aug. 31, 2021). The ALJ's task was to evaluate the persuasive value of Dr. Spence's opinion based on the record as a whole, and that is precisely what the ALJ did here. While Dr. Spence may not have seen the entire record given the date of his opinion, the ALJ did see the whole record and was able to assess whether Dr. Spence's opinions were supported by and consistent with the record. "[U]nder the regulations, the ALJ was required to evaluate this opinion. The new regulations require the ALJ to consider the opinions of state agency medical consultants because they are highly qualified and experts in Social Security disability evaluation." *Id.* (citing 20 C.F.R. § 416.913a). "The ALJ's reasonable reliance on an opinion from a highly qualified expert is within the zone of choice." *Id.* (citation and internal quotation marks omitted).

Plaintiff's arguments are without merit.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.[1]

---

[1] In so ruling, the Court acknowledges that the ALJ's repeated characterization of Plaintiff as having put forth less than her full effort in the consultative examination with Dr. Kuhlman (Tr. 21, 23) is not borne

5

IT IS THEREFORE ORDERED that the decision of the ALJ is **AFFIRMED**.

                                                                    s/ Roseann A. Ketchmark
                                                                    ROSEANN A. KETCHMARK, JUDGE
                                                                    UNITED STATES DISTRICT COURT

DATED: August 16, 2022

---

out by the record (Tr. 654-72). Nonetheless, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. *See Grindley v. Kijakazi*, 9 F.4th 622, 629 (8th Cir. 2021) ("Even if the ALJ made some misstatements in his order, reversal of an ALJ's decision is not required if an error was harmless, meaning there is no indication that the ALJ would have decided differently if the error had not occurred."); *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) "[A]n arguable deficiency in opinion writing that had no practical effect on the decision . . . is not a sufficient reason to set aside the ALJ's decision.") (citation omitted); *Hepp v. Astrue*, 511 F.3d 798, 806 (8th Cir. 2008) (same).